UNITED STATES DRAINAGE CO. v. MANAHAN.

(District Court, D. New Jersey. October 11, 1916.)

No. 418.

1. WITNESSES ⚖➟324—IMPEACHMENT—RIGHT TO IMPEACH.
    Where complainant called defendant as its own witness, it thereby estopped itself from contending that defendant was unworthy of credit.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1097; Dec. Dig. ⚖➟324.]

2. PATENTS ⚖➟328—VALIDITY—PRIOR ART.
    Patent No. 962,723, for an auxiliary tool for use in connection with spades, intended to provide a device which will facilitate the removing of sods from trenches, particularly in marsh lands, held, in view of the prior art and common usage, to be invalid for want of invention, and also not to be infringed.

In Equity. Suit by the United States Drainage Company against Jesse P. Manahan. Bill dismissed.

Munn & Munn, of New York City, for complainant.
Francis C. Lowthorp, of Trenton, N. J., for defendant.

ORR, District Judge. This is an ordinary patent suit. The plaintiff is a corporation and citizen of the state of New York. The defendant is a citizen of the state of New Jersey. The parties are competitors in taking contracts for the drainage of marsh lands. The work done by them has been largely in the state of New Jersey, in connection with the efforts of the local authorities to destroy, or diminish, at least, the mosquito pest.

[1, 2] The plaintiff is the owner of United States letters patent No. 962,723, for an auxiliary tool for use in connection with spades, issued on June 28, 1910, to Edwin M. Skinner, whose original application for such patent was filed Jan. 30, 1908. The plaintiff charges the defendant with infringing two claims of the said patent. The defendant denies the validity of the patent in view of the prior art, and of course denies infringement thereof.

In the specifications the patentee states as follows:

"My invention relates to an auxiliary tool for use in connection with spades, and has for its object to provide a device which will facilitate the removing of sods from a trench. In digging trenches, particularly in meadows and marsh lands, as the spade is moved to remove the sod, a vacuum tends to form between the spade and the transverse wall of the trench. Unless this vacuum is destroyed, it is almost impossible to remove the sod, and my invention is particularly intended to overcome and destroy such vacuum."

After a description of the drawings annexed to the patent the patentee further states:

"In digging trenches in meadows or marsh lands, as the blade of the shovel is moved in the arc of a circle to remove the sod, a vacuum is produced between the back of the spade and the transverse wall of the trench, which, as before stated, must be destroyed before the sod can be easily removed from the trench. In operation the shovel or spade is first forced into the ground until the blade has been completely imbedded therein, after which the shovel or spade is forced away from the workman, loosening the sod and thus leaving a

⚖➟For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

space between the lateral or transverse wall of the trench and the rear face of the blade of the shovel. Into this space my auxiliary tool or venting device is introduced, after which the handle of the spade is again drawn toward the workman, and then forced in the arc of a circle, and the sod is easily lifted from the trench. The auxiliary tool or venting device during this operation forms a bearing for the shovel, so that the rear face of the shovel blade is maintained out of contact with the transverse wall of the trench. The air rushes into the space between the said rear face of the blade and the said lateral wall of the trench, and also through the grooves or channels *D* in the opposite faces of the auxiliary tool, so that any vacuum which may be formed is readily destroyed."

The claims involved are as follows:

"1. In combination with a tool for digging trenches, a removable venting device adapted for insertion at the rear of said tool.
"2. In combination with a tool for digging trenches, a removable back bar adapted for insertion at the rear of said tool."

In view of the state of the prior art, each of said claims is invalid for want of invention. No particular kind of tool for digging trenches is required by the patent. Prior publications in the prior art show a variety of spades and trenching tools adapted for the digging of trenches. In an article on Agriculture in the ninth edition of the Encyclopædia Britannica, published in 1889, the drainage of lands receives a great deal of attention, and some of the tools then used for that purpose are illustrated. While they are not like the tools indicated by the drawings of the patent in suit, yet their difference from the ordinary spade indicates that the person engaged in draining would use such form of trenching tool as would best accomplish his purpose. Any person who has used even an ordinary spade in wet sod and earth remarks a greater difficulty in such use of the spade than in dry sod and earth. Such difference, which is due to suction or lack of fulcrum, does not worry the user of the tool. None can be so ignorant as not to know that the soft, moist earth and sod immediately back of the spade or tool does not give him sufficient leverage to raise the spade with its load. The insertion of a barrel stave or any other suitable piece of wood will afford a firmer rest for the back of the spade, and enable the user to raise the load on the spade more easily.

This is all that the patentee has accomplished in this case. He calls his device, which is inserted at the rear of the tool and which affords leverage, a "venting device." Such terminology should not give him a monopoly of a simple device, which the evidence discloses had been in use long prior to his application. The inventive faculty was not required in effecting the combination of the claims. There was no new or original idea disclosed by him.

This court is not unmindful of the scrutiny required of parol evidence of prior use offered to overcome the presumption arising from the issuance of a patent. The evidence in this case must be held to have reached the standard required, and the effect intended, for the following reasons:

First. The use of a piece of wood or stone inserted back of the spade for purposes of leverage is the natural and probable thing which

any man would do to enable him to remove the wet earth from the ditch.

Second. A great number of witnesses testified clearly and positively to early uses of such combination long prior to the date of the patent.

Third. The times and places of such uses were clearly stated, and the names and residences of persons in being who were not called, and yet who could testify with respect to such uses were stated with such clearness that the plaintiff upon rebuttal should have been able to offer some satisfactory proof to the contrary, if defendant's witnesses were not reliable.

Fourth. The plaintiff called as its own witness the defendant, and thereby estopped itself from contending that the defendant was unworthy of credit. Dravo v. Fabel, 132 U. S. 487, 10 Sup. Ct. 170, 33 L. Ed. 421. The two claims, therefore, of the patent in suit, are invalid.

With respect to infringement, the defendant does not use a venting device like that described in the patent. He uses, when necessary, a device consisting of a pointed piece of wood upon which a crosspiece is laid. The cross-piece prevents the piece of wood which is placed back of the spade from falling into the trench, and at the same time affords some leverage in the use of the dredging tool. Even if the patent should be narrowly construed and limited to the particular "venting tool" or "back bar" described therein, the defendant could not be held as an infringer.

The bill must be dismissed, at the cost of the plaintiff.